DAVID COHEN *vs.* THE HOME INSURANCE COMPANY.

1. INSURANCE—ACTIONS ON POLICY—COMPLAINT.

In an action on an insurance policy, a declaration averring that insured at all times fulfilled the terms of the policy, except that he did not comply with the requirements "of that portion of said policy known as the 'iron-safe clause,'" is not demurrable, as not sufficiently informing defendant what portions were referred to.

2. INSURANCE—ACTION ON POLICY—COMPLAINT.

A court in a declaration on an insurance policy, averring that defendant instructed plaintiff that he need not comply with the portion of said policy known as the "iron-safe clause," is sufficient, without alleging when, how, or by whom the instruction was given.

(*April* 6, 1916.)

Judges BOYCE and CONRAD sitting.

*Robert H. Richards* and *T. Allen Goldsborough* (of Maryland) for plaintiff.

*Saulsbury, Morris* and *Rodney* for defendant.

Superior Court, New Castle County, March Term, 1916.

No. 71, January Term, 1915.

ACTION by David Cohen against The Home Insurance Company on two certain policies of fire insurance. On demurrer to the eighth and ninth counts of the amended declaration. Demurrer overruled.

See *s. c.* 5 *Boyce,* 531, 95 *Atl.* 238; 6 *Boyce,* 6, 95 *Atl.* 912; 6 *Boyce,* 201, 97 *Atl.* 1014.

BOYCE, J.:—This is a special demurrer to the eighth and ninth counts of the plaintiff's declaration, each declaring on a separate policy of insurance.

It is averred in each of said counts, among other things, as follows:

"And the said plaintiff avers that he, the said David Cohen, did at all times duly observe and fulfill all the terms and conditions in said policy set forth on the part of the said David Cohen to be observed and fulfilled, excepting, however, that said plaintiff did not comply with the requirements of that portion of said policy known as 'the iron-safe clause,' but as to said requirements of said portion of said policy the said plaintiff alleges that the defendant instructed the plaintiff that he, the plaintiff, need not comply with said portion of said policy known as the 'iron-safe clause.' * * *"

The causes of demurrer are the same to each count, and are in substance: For that it does not appear (1) by the words "iron-safe clause," as used in each of said counts, what requirements of the said policies of insurance were not complied with by the said plaintiff, or what requirements of the said policies it is alleged that the defendant instructed the plaintiff that he, the plaintiff, need not comply with; (2) whether the alleged instruction was oral or in writing; (3) at what time the alleged instruction was given, or whether it was given before or after the issuance of said policies; (4) what officer, agent or representative of said defendant

instructed the plaintiff that he need not comply with the provisions of the "iron-safe clause."

The argument coming on to be heard at the close of the term, we cannot do more than express our conclusion upon the sufficiency of the counts demurred to.

[1] The term "iron-safe clause" in an insurance policy has come to have a well-understood meaning in the books. This phrase used in each of the counts sufficiently informs the defendant what portion of each policy is referred to, and its use in the exception of performance of that portion of each policy is justified in avoidance of unnecessary prolixity.

[2] The averment "that the defendant instructed the plaintiff that he, the plaintiff, need not comply with said portion of said policy known as the "iron-safe clause'" sufficiently informs the defendant why the requirements of said clause in each policy were not complied with, without alleging how, when, or by whom' the instruction was given. The failure to aver the subordinate facts suggested by the causes of demurrer does not prevent issue on the subject-matter averred.

Our decision is confined to the sufficiency of the counts. The demurrer to each count is overruled.