AL CHRISTIANSON v. KENNETH HAGER AND OTHERS.
SHAKOPEE RECREATIONAL ASSOCIATION, INC.,
RESPONDENT.[1]

April 9, 1954.

No. 36,238.

*Whitney, Carroll & Perbix,* for appellant.

*Meagher, Geer, Markham & Anderson, O. C. Adamson II,* and *William T. Egan,* for respondent.

---

[1]Reported in 64 N. W. (2d) 35.

FRANK T. GALLAGHER, JUSTICE.

Appeal from a judgment of the district court for costs and disbursements in favor of defendant Shakopee Recreational Association, Inc., referred to hereinafter as defendant.

Defendant is a nonprofit association founded to serve the recreational interests of the city of Shakopee. It holds a franchise from that city permitting it, among other things, to determine who shall have the use of the ball park owned by the city. Plaintiff sued defendant and one Kenneth Hager alleging that Hager and another "wilfully, wantonly and maliciously assaulted and beat plaintiff" and that defendant was "negligent in not using reasonable care to protect the plaintiff as their paying guest, from injury at the hands of the other two defendants."

Plaintiff's theory is that, while attending a ball game in the Shakopee ball park, he was assaulted by Hager and another, supporters of the rival team, and that defendant was negligent in failing to properly supervise the crowd so as to prevent such injuries. The entire incident involved only a few seconds. Plaintiff claims that he overheard a remark from Hager or his companion to the effect that if the umpire made another wrong decision a bottle would be thrown at him. Plaintiff states that he said: "I wouldn't do it if I was you," and with that remark "they throwed me over the fence."

At the close of plaintiff's case, defendant moved for a directed verdict. This motion was renewed and granted at the close of all the testimony on the ground that the evidence failed to show that defendant owed any duty to plaintiff on which to base a charge of negligence and that, if it had such a duty, the evidence failed to show any negligence on its part. The case was submitted to the jury against Hager on the basis of assault and battery, and the jury returned a verdict in favor of Hager and against plaintiff. The latter appealed only from the judgment entered in favor of defendant association. He assigns that the court erred in granting the motion for a directed verdict on the part of defendant association. In view of the record here, that is the only point we need consider.

■ The verdict of the jury in favor of Hager, and the judgment entered pursuant thereto, conclusively determined that he did not commit an assault and battery upon plaintiff as charged in the complaint. The existence of such an assault and battery is essential to plaintiff's action against defendant association. The theory upon which plaintiff based his action was that defendant negligently failed to provide for sufficient supervision of the crowd at the ball game attended by plaintiff, with the result that an assault and battery was committed upon him. However, the verdict of the jury determined that there had been no assault from which defendant could have protected plaintiff, so the action against defendant based on its negligent failure to provide that protection must fail. In arriving at this conclusion, we are not oblivious of the rule that under certain circumstances the duty of a proprietor of a place of amusement to provide supervision extends to the protection of patrons from negligent injury at the hands of other patrons (Johnson v. Amphitheatre Corp. 206 Minn. 282, 288 N. W. 386) as well as from their injury resulting from intentional torts committed by other patrons. Mastad v. Swedish Brethren, 83 Minn. 40, 85 N. W. 913, 53 L. R. A. 803; Quinn v. Smith Co. Inc. (5 Cir.) 57 F. (2d) 784; Rawson v. Massachusetts Operating Co. Inc. 328 Mass. 558, 105 N. E. (2d) 220, 29 A. L. R. (2d) 907. However, this record does not support a recovery based on the theory of injury through the negligence of another patron. Therefore, it is our opinion that the judgment that Hager did not assault plaintiff is *res judicata* as to that fact and is fatal to plaintiff's action against defendant.

This application of the doctrine of *res judicata* is supported by the decision of this court in Myhra v. Park, 193 Minn. 290, 258 N. W. 515. There, plaintiff had sued Park alleging that an employee of Park, in the course of his employment, had negligently injured plaintiff. Park did not deny responsibility for the acts of his employee but successfully defended the claim of negligence. Plaintiff then sued the employee directly, alleging the same acts of negligence. This court held that the prior judgment in favor of Park for the acts of his employee rendered upon a trial of the merits was *res judicata* and a bar to a suit against the employee for the same

act. While we recognize that there is a distinction between the case at bar and the Myhra case in that there judgment in favor of the party secondarily liable was held to bar a subsequent action against the party primarily liable, whereas here the situation is reversed, we feel that that decision nevertheless controls the disposition of this case.

In the Myhra case plaintiff had contended that, since the employee would not have been bound had the judgment been adverse to Park, his employer, mutuality of estoppel was absent. In answer to that contention the court quoted with approval this statement from 34 C. J., Judgments, § 1407 (193 Minn. 296, 258 N. W. 519) :

"An apparent exception to the rule of mutuality has been held to exist where the liability of defendant is altogether dependent upon the culpability of one exonerated in a prior suit upon the same facts, when sued by the same plaintiff; in such cases the unilateral character of the estoppel is justified by the injustice which would result in allowing a recovery against a defendant for conduct of another, when that other has been exonerated in a direct action."

That statement is applicable to the instant case.

Further support for the rule just quoted is provided by Wilson v. Erickson, 152 Minn. 364, 188 N. W. 994. There, plaintiff, an incompetent, sued Erickson, his guardian, and three others on the theory that Erickson had sold certain land belonging to plaintiff to one of the other defendants, who resold it to the second defendant, who again resold it to the third at a price substantially higher than that paid to plaintiff. The latter claimed that these sales were part of a fraudulent scheme to permit Erickson and one of the other defendants to profit at the expense of plaintiff. However, plaintiff had previously asserted the same facts in a petition in probate court to require Erickson to account for the profits from the sale to the third defendant allegedly resulting in the illegal profits. That proceeding had been dismissed as a result of a finding that the evidence supported none of the charges against Erickson. It was held that the probate judgment barred the action in the district court against all defendants even though only Erickson had been a party to the

probate proceeding. The court stated (152 Minn. 367, 188 N. W. 995):

"* * * But the matters determined by that [probate] judgment are res judicata as between plaintiff and Erickson; and as plaintiff predicates his cause of action on the alleged wrongdoing of Erickson, and the judgment conclusively determines that Erickson was free from wrongdoing, plaintiff has no cause of action against any of the defendants. Under such circumstances the judgment bars plaintiff from prosecuting another action against the other alleged tortfeasors."

In the instant case, if we were to allow plaintiff's claim, it would permit him to proceed against defendant for damages for an assault which the jury has already found was not committed. We conclude that the prevention of such a result justifies the direction of the verdict in favor of defendant. In accord with this result, see Restatement, Judgments, § 99; 1 Freeman, Judgments (5 ed.) § 451, and cases cited.

■ The district court disposed of the action against defendant on grounds other than the doctrine of *res judicata,* since it had directed the verdict in favor of defendant before the verdict of the jury in favor of Hager was rendered. However, this court properly can base its decision upon a ground not presented to the trial court where the question raised for the first time on appeal is decisive of the controversy on the merits. Skolnick v. Gruesner, 196 Minn. 318, 265 N. W. 44; 1 Dunnell, Dig. (3 ed.) § 384, and cases cited.

Affirmed.