BEATRICE L. HALLORAN v. EARL K. KNOPH, *d.b.a.* BLUE & WHITE LIBERTY CAB COMPANY, AND OTHERS.
RAY W. HALLORAN v. SAME.[1]

October 29, 1954.

No. 36,439.

*Levine & Levine,* for appellants.
*Meagher, Geer, Markham & Anderson,* for respondents.

PER CURIAM.

In 1951 Beatrice L. Halloran and Ray W. Halloran brought separate actions against Blue & White Liberty Cab Co., Inc., to recover damages alleged to have been sustained in an automobile accident. In those actions, among other things, they alleged that defendant was a corporation duly organized under the laws of the state of Minnesota. They further alleged that Ebon Lowe was operating

---

[1]Reported in 66 N. W. (2d) 551.

defendant's cab at the time of the accident with the consent of and in the course of his employment of defendant. They recovered verdicts against defendant and entered judgment thereon.

Thereafter, plaintiffs commenced the actions now before us against Earl K. Knoph, doing business as Blue & White Liberty Cab Company, Ebon Lowe, and St. Paul Fire & Marine Insurance Company alleging that Earl K. Knoph owns and operates a cab and is doing business under the tradename of Blue & White Liberty Cab Company; that during the times mentioned in the complaint Ebon Lowe was in the employ of defendant Earl K. Knoph in the operation of his cab; and that on December 11, 1949, the cab owned by Knoph was being operated by his employee, Ebon Lowe, "as it is more fully set forth from the plaintiff's Complaint, Exhibit marked 'A' and hereto attached and made part of this complaint." Exhibit A was a copy of the complaint in the action brought against Blue & White Liberty Cab Co., Inc., a corporation. The complaints then allege the trial and the resulting judgment against Blue & White Liberty Cab Co., Inc., and nonpayment of that judgment, and the prayer for relief is that plaintiffs have judgment in these actions on the judgment in the former actions.

Defendants by their answer admitted that Earl K. Knoph owns and operates a cab for public hire in the city of Minneapolis; that at all times relevant Ebon Lowe was an employee of defendant Knoph in driving such cab; that on the day involved Lowe was driving the cab when it was involved in a collision with a car owned by Ray W. Halloran; and thereafter admitted the allegation relating to the trial and resulting judgment against Blue & White Liberty Cab Co., Inc., a corporation. During the trial the action was dismissed on plaintiffs' motion against St. Paul Fire & Marine Insurance Company.

The two cases were tried together in both actions, and the appeals here have been heard together. The issues are the same, so the cases will be disposed of in one opinion.

At the trial, Beatrice L. Halloran testified that on December 11, 1949, she had an accident with a Blue & White Liberty cab driven

by Ebon Lowe and that as a result there had been a lawsuit in which she and her husband had recovered verdicts. Plaintiffs then introduced the files in the former actions and rested. Defendants rested without introducing any evidence. The court made findings for defendants, and judgment was entered thereon. This appeal is from the judgment.

It is somewhat difficult to determine on what theory plaintiffs believe that they can prevail here. Apparently it is their theory that a finding of negligence on the part of Ebon Lowe in the actions brought against Blue & White Liberty Cab Co., Inc., a corporation, is *res judicata* as to that issue in the present cases. Neither Ebon Lowe nor Knoph were named as defendants in the first actions. Except as witnesses, they took no part in the trial. It is so elementary that it needs no citation of authorities that the doctrine of *res judicata* applies only to the parties to the action and their privies. The evidence before us is wholly insufficient to invoke the doctrine or to establish liability in the absence of it. We see no merit to the appeal.

Affirmed.