[Civ. No. 17778.   First Dist., Div. Two.   Nov. 19, 1958.]

GRANVILLE D. ABBOTT, JR., Appellant, v. WESTERN NATIONAL INDEMNITY COMPANY (a Corporation) et al., Respondents.

*Assigned by Chairman of Judicial Council.

Fitzgerald, Abbott & Beardsley for Appellant.

Bronson, Bronson & McKinnon for Respondents.

KAUFMAN, P. J.—This is an appeal from a judgment of nonsuit in favor of respondent insurance company. The facts, viewed in the light most favorable to the appellant are as follows: In 1947, appellant purchased a "Comprehensive General Automobile Liability Policy" from the respondent. The policy was endorsed to provide insurance against liability for injuries sustained by any person. The policy specifically excluded any losses "caused intentionally or at the direction of the insured." On February 15, 1948, appellant and his brother were entertaining another gentleman and three ladies in their apartment at the Seaside Apartment, operated by the Moana Hotel in Honolulu. They had been drinking intoxicating liquor.

About 1:30 a. m. one Claude Jendrusch, the hotel detective went to the appellant's apartment at the instance of a complaint by a hotel guest. Appellant and his brother pushed Jendrusch from the porch of the apartment, over a flight of steps and on to the cement walk below. Jendrusch was "brutally beaten with closed fists and shod feet by the defendants [Abbotts], who had no provocation and showed no mercy but continued to so beat him while he lay helpless. . . ." Jendrusch was "bruised and lacerated . . . from head to foot and left . . . with several fractured bones and such severe fractures in his

right elbow that he was injured for life.'' (39 Hawaii 506, 512, 513.)

The above language is from the Supreme Court of Hawaii which, in the action for assault and battery, subsequently filed by Jendrusch, reviewed the evidence and affirmed a directed verdict in favor of Jendrusch as well as an award of punitive damages. In October 1952, appellant and his brother filed this action in the Superior Court of Alameda County, demanding indemnification from the respondent for all sums expended in the satisfaction of the judgment. Appellant's brother dismissed his action and the case proceeded to trial on the claim of the appellant alone. The trial court ruled that the Hawaii courts had litigated and determined that the appellant had intentionally inflicted injuries upon Jendrusch; that respondent had excluded liability in such cases, and that the rule of collateral estoppel precluded further litigation of these issues. The case was therefore limited to the sole question of whether respondent was estopped from denying liability. At the close of appellant's case, the trial court granted respondent's motion for nonsuit. The only issue on appeal is the propriety of the trial court's rulings on the above matters.

We see no error in any of the rulings of the court below. The elements of collateral estoppel are clearly present here. (*Bernhard* v. *Bank of America,* 19 Cal.2d 807 [122 P.2d 892].) Intent was a necessary element of the malicious assault and battery charged in the Hawaii action. (Prosser, Law of Torts, 2d ed. p. 36; R.L.H. 1945, § 1.) Furthermore, in determining what was actually litigated in a prior case, the opinion of an appellate court is relevant evidence. (*Bernhard* v. *Bank of America, supra; National Foundry & Pipe Co.* v. *Oconto City Water Supply Co.,* 183 U.S. 216 [22 S.Ct. 111, 46 L.Ed. 157] ; *United Bank & Trust Co.* v. *Hunt,* 1 Cal.2d 340 [34 P.2d 1001] ; *Hall* v. *Coyle,* 38 Cal.2d 543 [241 P.2d 236] ; 50 C.J.S. 412; *United States* v. *Eastern Transport Co.,* 59 F.2d 984.) A prior judgment operates as a bar against a second action upon the same cause, but in a later action upon a different claim or cause of action, it operates as an estoppel or conclusive adjudication as to such issues in the second action as were actually litigated and determined in the first action. (*McManus* v. *Bendlage,* 82 Cal.App.2d 916, 923 [187 P.2d 854].) A mere cursory examination of the prior litigation indicates that the Supreme Court of Hawaii reviewed the evidence and stated at page 513: ''These circumstances as established by the undisputed evidence and by

the reasonable inferences to be drawn therefrom not only nullify the evidence relied upon by the defendants so as to render it of no substance and contrary to all reasonable probabilities but corroborate fully the testimony of the plaintiff that the assault was premeditated and that he was brutally beaten. . . ."

█ As to appellant's attempt to argue that the respondent is estopped from denying liability, the record indicates that the respondent refused to defend him under the policy. The statements made to appellant by respondent's agents that he was protected under the policy were made before respondent knew the truth of the incident. The record shows that respondent asserted its rights under the exclusion clause of the policy and denied coverage as soon as it had all the facts before it. Appellant, as a licensed insurance broker for 27 years, cannot claim that he was unacquainted with the effect of the specific exclusion. The exclusion is required by Insurance Code, section 533, which provides in part: "An insurer is not liable for a loss caused by the willful act of the insured. . . ." Civil Code, section 1668, declares "All contracts which have for their object, directly or indirectly, to exempt any one . . . for his own fraud, or willful injury to the person or property of another, . . . are against the policy of the law." We are further supported in our conclusion by *McDonald* v. *United Pacific Ins. Co.*, 210 Ore. 395 [311 P.2d 425], in which the Supreme Court of Oregon reached the same result on very similar facts.

█ Furthermore, the record is devoid of any evidence which would support an estoppel *in pais*, a doctrine which must be applied strictly. (*Bear Creek Co.* v. *James*, 115 Cal.App.2d 725 [252 P.2d 723].)

In view of the foregoing the judgment of nonsuit is hereby affirmed.

Draper, J., and Martinelli, J. pro tem.,* concurred.

A petition for a rehearing was denied December 19, 1958, and appellant's petition for a hearing by the Supreme Court was denied January 14, 1959.

---

*Assigned by Chairman of Judicial Council.