## MANFRED G. OLSON v. ALOYS A. LINSTER.

107 N. W. (2d) 49.

December 16, 1960—No. 37,933.

*King & MacGregor* and *Thomas J. Burke,* for appellant.

190

*Dorsey, Owen, Barber, Marquart & Windhorst, Arthur E. Weisberg,* and *Edward J. Schwartzbauer,* for respondent.

THOMAS GALLAGHER, JUSTICE.

Action for personal injuries and damages arising out of an automobile accident which occurred April 10, 1957, when plaintiff, Manfred G. Olson, while driving his automobile on a public highway in Minneapolis with Agnes E. Olson, his wife, a passenger therein, collided with an automobile driven by defendant, Aloys A. Linster. As a result of the collision, Agnes E. Olson suffered injuries causing her death on April 24, 1957.

Subsequently, plaintiff, as trustee of the heirs of Agnes E. Olson, commenced suit against Aloys A. Linster for her wrongful death and for expenses incurred in her funeral as provided by Minn. St. 573.02. The heirs included plaintiff, as her surviving spouse, and a daughter, Kathryn N. Olson. This action did not relate to plaintiff's personal injuries or damages. Issues relating to the negligence of Olson and Linster were presented and submitted to the jury upon special interrogatories. In answering them, the jury determined that both Olson and Linster were negligent but that Olson's negligence alone was the proximate cause of the accident. His loss was fixed at $4,200 and Kathryn N. Olson's at $500, but, on the basis of the special interrogatories, the court ordered judgment in defendant's favor.

Subsequent to the expiration of the time for appeal from that judgment, plaintiff, in his individual capacity, instituted the present action against Linster for his personal injuries and damages. In his answer, as a separate defense, Linster alleged that, by virtue of the jury's determination, and the judgment entered in the prior action, the issues of negligence and proximate cause were res judicata. Upon the pleadings, an affidavit of defendant's attorney setting forth the results of the prior action, and all pleadings and files therein, defendant moved for summary judgment in the present action. On August 4, 1959, the trial court made its order denying this motion. In a memorandum attached thereto it stated:

"* * * My first impression was that the distinction between this

case and the prior one tried in my court related to form rather than substance and that the motion should be granted. However, after consideration of Schmitt v. Emery, 215 Minn. 288, and other cases cited by counsel, it has been decided that the motion should be denied.

"The question has been certified as important and doubtful * * * and * * * if the parties so desire, they may have a determination by the Supreme Court before incurring the expense of another trial."

Upon appeal defendant contends that, because plaintiff was chief beneficiary in the prior action, the jury's finding therein that he was negligent and that his negligence alone was the proximate cause of the accident is determinative of the identical issue in the present action instituted by plaintiff in his individual capacity. Plaintiff contends that since the present action is brought in his individual rather than representative capacity, and is limited to personal claims for damages and injuries not included in the first action, the findings and judgment therein are not res judicata as to the issues of negligence and proximate cause.

We believe the trial court was correct in determining that the verdict and judgment in the prior litigation were not res judicata as to issues to be presented herein. We have held on a number of occasions that issues determined by verdict or judgment in a prior action are conclusive only as to parties to such action and their privies, Halloran v. Knoph, 243 Minn. 120, 66 N. W. (2d) 551, and that, before estoppel against a party may arise under such circumstances, it must appear that such party appears in the second action in the same capacity that he appeared in the prior action. Schmitt v. Emery, 215 Minn. 288, 9 N. W. (2d) 777; Bamka v. Chicago, St. P. M. & O. R. Co. 61 Minn. 549, 63 N. W. 1116; 10 Dunnell, Dig. (3 ed.) § 5178; see, also, Adamson v. Dougherty, 248 Minn. 535, 81 N. W. (2d) 110; Daly v. Terpening, 261 App. Div. 423, 26 N. Y. S. (2d) 160, affirmed, 287 N. Y. 611, 39 N. E. (2d) 260.

The basis for the rule expressed is that any qualified person is authorized to act as trustee under § 573.02 and in such capacity represents not only the surviving spouse and next of kin but likewise those having demands for funeral expenses or for reimbursements for

decedent's support. As stated in the Schmitt case (215 Minn. 292, 9 N. W. [2d] 779):

"\* \* \* in such a case the claimant of the funeral expenses is a beneficiary preferred over plaintiff. Under Minn. St. 1941, § 573.02 (Mason St. 1940 Supp. § 9657), the recovery in an action for wrongful death 'shall be for the exclusive benefit of the surviving spouse and next of kin \* \* \* but funeral expenses and any demand for the support of the decedent, duly allowed by the probate court shall first be deducted and paid.' "

Here, since the decedent was survived not only by plaintiff but by her daughter as well, and since in the prior action the trustee sought recovery of funeral expenses of the decedent as well as damages for her wrongful death, it would follow that plaintiff as an individual in the present action would not be barred by the adverse results of the prior litigation.

Affirmed.