Gerald A. TREBESCH, Trustee for the heirs of Arthur G. Trebesch, Deceased, Plaintiff,

v.

ASTRA PHARMACEUTICAL PROD-UCTS, INC., a Massachusetts Corporation, Patterson Dental Company, Inc., Defendants.

ASTRA PHARMACEUTICAL PROD-UCTS, INC., a New York Corporation, Third–Party Plaintiff,

v.

Donald POPOVICH, D.D.S., Third–Party Defendant.

Civ. No. 4–74–235.

United States District Court, D. Minnesota, Fourth Division.

Oct. 24, 1980.

Richard C. Smith, Minneapolis, Minn., for plaintiff.

James T. Martin, Gislason & Martin, Edina, Minn., for defendant and third–party plaintiff.

Ludwig Gartner, Jr., Faegre & Benson, Minneapolis, Minn., for third–party defendant.

## MEMORANDUM OPINION AND ORDER

DIANA E. MURPHY, District Judge.

This is a wrongful death action based on alleged negligence and strict liability. Plaintiff Gerald A. Trebesch is trustee for the heirs of decedent, Arthur G. Trebesch, who died following dental treatment by third–party defendant Donald Popovich on August 17, 1972. Defendant Astra Pharmaceutical Products, Inc. (Astra) is a Massachusetts corporation which manufactured a drug called xylocaine which was administered to decedent by Popovich, and it has filed a third–party claim against Dr. Popovich. Defendant Patterson Dental Company, Inc. (Patterson) is a drug distributor. Jurisdiction was alleged on the basis of diversity.

Before the court at this time are motions by plaintiff for partial summary judgment and for dismissal of defendant Patterson; defendant Astra's motions to dismiss for lack of subject matter jurisdiction and for partial summary judgment; and third–party defendant Popovich's motion to dismiss the third–party action.

### Dismissal of Defendant Patterson

Astra has moved to dismiss for lack of jurisdiction, claiming incomplete diversity since plaintiff was a Minnesota citizen at the time the suit was filed, and Patterson, a Delaware corporation, has allegedly had its principal place of business in Minnesota at all times material. Plaintiff has moved to dismiss Patterson under Rule 21 of the Federal Rules of Civil Procedure,[1] contending that it is a dispensable party.

■ Patterson is a dispensable party which the court may properly dismiss under Rule 21 in order to perfect its subject matter jurisdiction. *Fetzer v. Cities Service Oil Co.*, 572 F.2d 1250 (8th Cir. 1978). The two essential tests of an indispensable party are: "(1) can relief be afforded to the plaintiff without the presence of the other party? (2) can the case be decided on its merits without prejudicing rights of the other party?" *Sandobal v. Armour and Company*, 429 F.2d 249 (8th Cir. 1970). Astra has made no showing of any prejudice to itself by the dismissal of Patterson. Plaintiff has relinquished all claims against Patterson.

Because it is proper to dismiss Patterson, it is not necessary to reach the issues presented by Astra's motion to dismiss for lack of jurisdiction.

### Dismissal of Third–Party Defendant Popovich

■ Third–party defendant Popovich seeks dismissal on the basis of a second release from plaintiff Trebesch.

---

1. Plaintiff attempted to dismiss Patterson by stipulation under Rule 41(a)(1), but Astra refused to consent.

The original release executed by plaintiff in favor of Popovich, on a pre–printed form, on April 3, 1973, in exchange for $7,000, purported to release Dr. Popovich and "all other persons, firms or corporations" from liability due to Arthur's death. Defendants Astra and Patterson sought dismissal of this action because of that release, but the Honorable Miles W. Lord denied the motion on March 5, 1975, ruling that the issue of plaintiff's intent to release parties other than Dr. Popovich was a jury issue. A motion for summary judgment was also denied by Judge Lord on January 4, 1977, who ruled that as a matter of law Popovich could be liable for contribution regardless of plaintiff's release.

The new release incorporates the original, and for $1 and "other valuable consideration," purports also to "indemnify" Popovich for any liability to Astra and to satisfy any percentage of fault allocated to Popovich at trial. At oral argument Astra did not oppose dismissal of Popovich, provided that it would not preclude a jury instruction at trial on the intent of the parties in executing the original release. Astra has also expressed concern about the validity of the second release.

Although the Minnesota Supreme Court has endorsed the use of the Pierringer–type release, allowing plaintiff to settle with one defendant, without releasing claims against others, and protecting nonsettling defendants from being required to pay a disproprotionate share of any award (*Frey v. Snelgrove*, 269 N.W.2d 918 (Minn.1978)), it has not specifically endorsed such a release between a plaintiff and a third–party defendant. However, the policy enunciated in *Frey* encouraging settlement where the parties' rights are protected would seem to be equally applicable. Unlike the situation disapproved in dicta by the Wisconsin Supreme Court in *Johnson v. Heintz*, 73 Wis.2d 286, 243 N.W.2d 815 (1976), the rights of the third–party plaintiff are protected here. Dismissal of Dr. Popovich will not prejudice Astra's rights to appropriate

jury instructions, and Dr. Popovich's possible negligence and the intent of the release are proper matters for the jury.

Astra's concern about the validity of the second release is essentially based upon the fact that it has not been court–approved.[2] The terms of the original settlement agreement and the distribution of the proceeds to decedent's heirs were approved by the Hennepin County District Court on April 23, 1973. The fact that there has been no formal approval of the trustee's entering into the new agreement need not concern Astra. The issue of Popovich's fault will be submitted to the jury, and Astra will be protected from any adverse judgment disproprotionate to its fault.

*Plaintiff's Motion for Partial Summary Judgment*

Plaintiff seeks partial summary judgment, on the basis of a previous judgment, collaterally estopping Astra from controverting its negligence in failing to file required adverse reaction reports and failing to exercise reasonable care to monitor and investigate adverse reactions to xylocaine and its manufacture of a defective product by virtue of its failure to file adverse reaction reports. Plaintiff argues that these issues were decided adversely to Astra by a jury sitting in a case in the United States District Court for the Middle District of Pennsylvania, *Stanton v. Bowman*, No. 73–610 (Jan. 10, 1980).

The jury there returned a special verdict which included the following questions and answers:

9.(a) Was Astra negligent in failing to file annual reports with the Food and Drug Administration (FDA) as required by § 130.35 (e) of the Food and Drug Regulations?
YES X NO_____
. . .
10.(a) Was Astra negligent in failing to file unexpected adverse reaction reports with the Food and Drug Administration as required by § 130.35(f) of the Food and Drug Regulations?
YES X NO_____
. . .

---

**2.** In its memorandum it also alleges lack of consideration. This contention appears to be

without merit, and it was not pressed at oral argument.

11.(a) Did Astra's failure to file adverse reaction reports on Xylocaine with the Food & Drug Administration render the product defective by depriving the FDA of information necessary to make an informed judgment concerning the conditions under which Xylocaine could be safely marketed?

 YES__X__ NO_____

. . .

14.(a) Did defendant Astra fail to exercise reasonable care to monitor and fully investigate the adverse reaction experiences of Xylocaine in order to determine the risks involved in the use of the drug?

 YES__X__ NO_____

The jury also found that the negligence indicated by the answers to questions 9.(a), 10.(a), and 11.(a) was a substantial factor in causing the plaintiff's injuries,[3] but that the negligence indicated in answer 14(a) was not.

 It is unclear whether state or federal law governs the estoppel effect in a diversity action of issues previously adjudicated in a prior federal diversity action.[4] In any event, the outcome of this motion would be the same under state or federal law,[5] and the court has applied federal law on collateral estoppel to the determination of this issue.

 The conditions necessary for the application of collateral estoppel are: the issue is identical to one in a prior adjudication where there was a final judgment on the merits; the estopped party was a party, or in privity with a party, to the prior adjudication; and the estopped party was given a full and fair opportunity to be heard on the adjudicated issue. *Oldham v. Pritchett*, 599 F.2d 274, 279 (8th Cir. 1979). The finality requirement is at issue here.

Astra argues that the judgment in *Stanton* is not final because of pending post-trial motions made by the defense: motions for judgment notwithstanding the verdict under Rule 50(b) and for an altered judgment under Rule 59(e). On these motions Astra is challenging the jury's findings on causation.[6] It is not known when the motions will be decided; apparently a transcript has not yet been completed.

One federal court has ruled that post-trial motions do not deprive the judgment of the requisite finality. *McArdle v. Schneider*, 228 F.Supp. 509 (D.Mass.1964). *See Restatement of Judgments*, § 41b (1942). Another view is that motions which would destroy the finality of judgment for purposes of appeal under 28 U.S.C. § 1291 should also prevent the application of estoppel effect to the judgment. *See* 1B *Moore's Federal Practice* ¶ 0.416 (1974).

 In the circumstances presented on this motion it would be inappropriate for this court to grant plaintiff's motion for partial summary judgment and permit the offensive use of collateral estoppel. *See Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). Post-trial motions are pending in the federal court in the *Stanton* case which could affect the judgment.[7] The court is also

---

3. The jury changed original "no" answers on the causation issue to "yes" for questions 9–11.

4. Some courts have held that state law applies. *See Provident Tradesmens Bank & Trust Co. v. Lumbermens Mutual Casualty Co.*, 411 F.2d 88, 94 (3d Cir. 1969); *Maryland v. Capital Airlines, Inc.*, 267 F.Supp. 298 (D.Md.1967). Other courts have held that federal law applies. *See Aerojet-General Corp. v. Askew*, 511 F.2d 710 (5th Cir. 1975); *Kern v. Hettinger*, 303 F.2d 333 (2d Cir. 1962). In *Gerrard v. Larsen*, the Eighth Circuit noted that authorities differ on this issue but found it unnecessary to resolve the conflict. The court found that it would reach the same result whether state or federal law on collateral estoppel were applied. 517 F.2d 1127, 1131–32 (8th Cir. 1975). *See also Oldham v. Pritchett*, 599 F.2d 274 (8th Cir. 1979).

5. The federal and state standards on the collateral estoppel effect of a prior judgment are essentially the same. Compare *Oldham v. Pritchett*, 599 F.2d 274 (8th Cir. 1979) *with Lustik v. Rankila*, 269 Minn. 515, 131 N.W.2d 741 (1964).

6. Apparently the jury found that Astra's negligence was a substantial factor in plaintiff's injury after the court sent the jury back for further deliberation.

7. Plaintiff argues that the jury's determination that Astra was negligent is not challenged by defendant's post-trial motions, but if there were no causation, there could be no liability for Astra.

aware of the recent disposition in state court of a matter formerly consolidated here in which conflicting results were obtained.[8]

*Astra's Motion for Partial Summary Judgment*

Astra has failed to show that there are no disputed issues of material fact as to whether it had a duty to report adverse reactions to the drug xylocaine to the FDA prior to 1971, whether there is evidence to support claims of overpromotion and false advertising, whether there is evidence to support a claim that Arthur Trebesch experienced an allergic reaction to xylocaine or the component methylparaban, and whether reports of foreign adverse experiences filed by Astra with the FDA in 1975 are relevant to this action. Its motion for partial summary judgment is therefore denied.

### ORDER

Accordingly, upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion for dismissal of defendant Patterson Dental Company, Inc., is granted.

2. Third–party defendant's motion to dismiss the third–party action is granted.

3. Plaintiff's motion for partial summary judgment is denied.

4. Defendant Astra's motion for partial summary judgment is denied.

5. Defendant Astra's motion to quash untimely interrogatories is granted.

---

8. *Gelley v. Astra Pharmaceutical Products, Inc.*, 466 F.Supp. 182 (D.Minn.1979) was dismissed due to lack of diversity. The matter was then brought in Ramsey County District Court, *Gelley v. Brunsoman*, No. 395388, where it was tried to a defense verdict earlier this year. The issue of Astra's failure to report adverse reactions to xylocaine was not presented to the jury, and evidence on that issue was disallowed by the court on motions similar to those presented here. Plaintiff's use of collateral estoppel based on the *Stanton* verdict was denied.