## No. 11,136.

### BRIGHT *v.* SCHMITT.

Decided December 1, 1924.

On motion to set aside substitution of creditor, and quash execution. Motion denied.

*Affirmed.*

*On Application for Supersedeas.*

1. JUDGMENT—*Executors and Administrators.* The assignee of a judgment, the original creditor being deceased, may be substituted and sue out an execution without resorting to scire facias or administrative action.

2. EXECUTORS AND ADMINISTRATORS—*Judgment.* Since a judgment is property, if it belongs to the estate of a deceased person, it goes to the administrator as does other property and should be treated like other assets of the estate.

3. APPEAL AND ERROR—*Substitution of Creditor.* It was not prejudicial error to substitute as a judgment creditor the purchaser

of a judgment which passed to him with other assets of an estate.

4.  JUDGMENT—*Bill of Sale.* Where one purchased the business of a deceased person from the estate, receiving a bill of sale therefor, it was not necessary that a judgment, being part of the assets of the business, should have been specifically mentioned in the bill of sale.

5.  *Purchaser—Motion to Substitute.* A judgment being by default for want of appearance, no notice of a motion for substitution of the purchaser of the judgment as judgment creditor, was necessary.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. L. E. KENWORTHY, for plaintiff in error.

Messrs. TOLLES & COBBEY, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

IN 1910 William O. Schmitt recovered a judgment in the Denver district court against one F. D. Bright and Addie Bright. In 1921 he died, leaving heirs, two sons and a daughter, all of age. One of the sons, George W. Schmitt, was appointed administrator, settled the estate and was discharged. By an agreement with his brother and sister he purchased the business of their father and with it the judgment in question, which was an asset of the business, and during his administration took separate bills of sale from his brother and sister for their respective interests in the business. The judgment was not mentioned in these bills of sale. Thereupon he had himself substituted by order of court as judgment creditor, and on August 29, 1924, took out an execution and levied it on real property of Addie Bright, the surviving judgment debtor. Neither party so informs us in the briefs, but it seems that Addie Bright then moved to set aside the order of substitution and to quash the execution. This motion was denied and she brings error.

She claims that the administrator is the only person who could take out an execution, because, at common law, upon the death of the judgment creditor, scire facias was necessary and our substitute procedure under C. L. § 5959, requires the administrator to take action. We cannot agree to this. The common-law requirement for scire facias rested on reason which does not exist here, and consequently scire facias is not necessary (*Christ v. Flannagan*, 23 Colo. 140, 144, 46 Pac. 683), and therefore, since a judgment is property, it goes to the administrator, even without section 5959, and the effect of that section anyhow is to make it the property of the administrator. Being property it should be treated like other assets of the estate. The administrator might have issued execution or sold the judgment, or have distributed it to the children, as, in effect, he did. As to the substitution, we see no harm in it, still less error prejudicial to the judgment debtor. Why could not George W. Schmitt have taken out the writ as assignee? If he could, how is plaintiff in error hurt by his substitution? See *Christ v. Flannagan, supra*, p. 143.

It is objected that the judgment should have been specially mentioned in the bills of sale, but if it was a part of the assets of the business, and there is evidence that it was, we cannot say the court was wrong in finding that it passed with the business; indeed it was clearly right.

It is objected that notice of the motion for substitution was necessary and none was given, but the judgment was by default for want of appearance, so no notice was necessary. Moreover, as suggested above, we do not think substitution was necessary.

We are not to be understood as conceding or intimating whether the judgment debtor has the right to object to the sufficiency of the proceedings of which she complains.

Supersedeas denied and judgment affirmed.

MR. JUSTICE ALLEN sitting for MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.