## BROCKMEYER & LYKIN, INC. v. HERMAN F. DROEGE.[1]

May 21, 1943.

No. 33,436.

*O'Hara & Sheran,* for appellant.
*Fred Sorenson,* for respondent.

LORING, JUSTICE.

This is an action by an undertaking establishment against the administrator of the estate of Henry Droege to recover $561 for funeral expenses incidental to the burial of decedent. The case comes here on appeal by the plaintiff from a judgment for defendant.

The principal questions presented are whether the evidence compels findings that there were assets in the estate from which the

[1]Reported in 9 N. W. (2d) 753.

funeral expenses could be paid, at least in part; whether it also compels a conclusion that the funeral arrangements were suitable to the deceased's station in life; and whether the daughters did not assume personal responsibility for such expenses.

Henry Droege died intestate September 15, 1935, leaving as heirs at law two sons, Edward and Herman, the latter being the administrator of the estate and defendant here; and two daughters, Anna Lykin and Christine Brockmeyer, the latter being secretary and her husband, Hugo Brockmeyer, president of the plaintiff corporation. Previous to this action, the administrator (defendant here) brought an action against Christine and Hugo Brockmeyer to have them declared trustees of certain of decedent's funds and for an accounting. The court found the existence of a trust, that there remained a balance in the trust fund of $630.85 due the administrator, and ordered judgment for that amount. The administrator appealed to this court, and we affirmed in Droege v. Brockmeyer, 214 Minn. 182, 7 N. W. (2d) 538, where the facts are fully set forth. The findings in that case are in evidence here.

Aside from this judgment, the only assets claimed in the estate are three promissory notes executed by the administrator to decedent, each of which, on its face, is barred by the statute of limitations and which he testified that he did not intend to pay.

The court found as facts that the two daughters, Anna Lykin and Christine Brockmeyer, made the funeral arrangements and assumed responsibility for the funeral expenses; that defendant has never been presented, aside from this action, with any claim or demand for such expense; that there is no money or property in the administrator's hands except the aforementioned judgment for $630.85; and that the administrator has no money or property in his possession to pay these expenses.

■ The claim upon which the judgment against the Brockmeyers is based was property and hence an asset of the estate. Bright v. Schmitt, 76 Colo. 329, 231 P. 159; Ives v. Beecher, 75 Conn. 153, 52 A. 746; Vitale v. Duerbeck, 338 Mo. 556, 92 S. W. (2d) 691; 2 Woerner (3 ed.) Am. Law of Adm. p. 987, § 309. There is no

contention that this judgment was not collectible. On the face of the record there are, therefore, assets in the estate from which the funeral expenses can be paid, at least in part, since there is no showing that the expenses of administration absorb the assets.

■ As to the assumption of the expenses by the daughters, we regard the evidence as not justifying such an assumption to the exclusion of liability on the part of the estate. As we said in. In re Estate of Kirschstein, 213 Minn. 1, 4, 4 N. W. (2d) 633, 635 ::

"By the common law, funeral expenses are a charge against the representative, and, under our statute, 'they are also a direct charge against the estate and may be presented and allowed as such. The creditor has alternative remedies.' " (Citing cases.)

Minn. St. 1941, § 525.44 (Mason St. 1940 Supp. § 8992-108), gives. funeral expenses priority over other debts of the estate excepting. only expenses of administration. The estate is primarily liable for these expenses, and the law will not imply liability on the part of another, to the exclusion of the estate, from a request alone. 21 Am.. Jur., Executors and Administrators, p. 569, § 330; Joseph S. Water-man & Sons, Inc. v. Hook, 246 Mass. 522, 141 N. E. 596, 30 A. L. R.. 440, and Annotation, 445. Here the sole remark made by one daugh-ter to the effect that "price was no object" was relied upon as an assumption of liability. We do not regard it as sufficient to re-lieve the estate.

■ That the funeral arrangements and expenses were suitable to the deceased's station in life we think is conclusively shown by the evidence. The decedent had been a man of means, and his children were all apparently in easy circumstances. At least the record does. not indicate that they were in such need that their father should' that community. The fact that his estate had been largely ex-not have the funeral arrangements commonly made for persons in pended in caring for him during a long illness extending over many years does not detract from his station in life. We see in the record' no showing that would justify a finding that the arrangements did' not comport with the station of the family. There is no claim that:

the services rendered were not worth the price charged in the bill.

The judgment of the trial court is reversed with directions to enter judgment for the plaintiff for $561 together with interest at six percent per annum from October 15, 1935, and costs and disbursements.

Reversed.