DELMA SCHMITT v. PERCY F. EMERY AND OTHERS.[1]

May 28, 1943.

No. 33,426.

[1]Reported in 9 N. W. (2d) 777.

See 211 Minn. 547, 2 N. W. (2d) 413.

*Bundlie, Kelley & Finley,* for appellant.

*Freeman, King & Geer,* for respondents Percy F. Emery and Henry LeRud.

*Hoke, Cobb & Janes,* for respondents Northland Greyhound Lines, Inc. and George A. Pentz.

PETERSON, JUSTICE.

This action was brought by plaintiff as the personal representative of her deceased husband. The complaint sets forth two causes of action, one for the wrongful death of decedent and the other for damages to his personal property. Judgment on the pleadings in favor of defendants on the cause of action for wrongful death was granted. The only question on the appeal is whether the court erred in granting the judgment.

It appears that any recovery for wrongful death would be for plaintiff's benefit as decedent's sole heir at law and for payment of the funeral expenses. The sufficiency of the facts alleged in the complaint, except those relating to the funeral expenses, are unchallenged. The allegation concerning the funeral expenses, challenged by defendants as lacking legal sufficiency, is "that the reason-

able value of the funeral services necessarily incurred for the burial of deceased was Six Hundred Dollars ($600.00)."

It appears that decedent was killed in an automobile collision involving his car, a bus of the defendant Northland Greyhound Lines, Inc., and an automobile belonging to defendant Emery. Decedent was driving his automobile, in which plaintiff was a guest passenger. The bus was driven by the defendant Pentz and Emery's car by the defendant LeRud. The facts and circumstances of the collision are set forth at length in Schmitt v. Emery, 211 Minn. 547, 2 N. W. (2d) 413, 139 A. L. R. 1242, which was an action by this plaintiff against these same defendants to recover for personal injuries sustained by her as a result of the collision. The verdict in that case was in favor of defendants, and we affirmed an order denying plaintiff's motion for a new trial. Subsequently, judgment in favor of the defendants was entered on the verdict. In that action defendants alleged as defenses that they were not guilty of negligence and that decedent was. They plead the judgment in the former action as *res judicata* here that they were not negligent and that decedent was. In their answers they claim that the former judgment operates as a bar to the maintenance of the present action. As we understand their arguments, they claim that it operates as an estoppel by verdict.

It is conceded that the present action is based upon the same facts as the prior one and involves the same issues with respect to defendants' negligence and decedent's contributory negligence. Defendants invoke the rule sustained by numerous authorities that, where a personal representative is the sole beneficiary of an action brought by him in his representative capacity, a judgment in a prior action brought by him in his individual capacity for his sole benefit is *res judicata* as to all issues common to both actions. In order to bring the instant case within the rule invoked, they contend that the allegation of the complaint concerning the funeral expenses should be rejected as insufficient in substance and as an apparent afterthought of plaintiff.

■ The general rule is that a judgment does not operate as a

bar or estoppel against a person unless he appears in the two actions in the same capacity. "For in an action brought by a person as an administrator, or as a guardian, general or special, he is not a party, properly speaking, although he is nominally. The real party is the estate he may represent as administrator, or the minor in whose behalf he as guardian prosecutes the action. In another suit to enforce an individual demand or right, he, in contemplation of law, is a distinct person, and a stranger to the prior proceedings and judgment." Bamka v. C. St. P. M. & O. R. Co. 61 Minn. 549, 552, 63 N. W. 1116, 52 A. S. R. 618. Likewise, where the prior action was brought to enforce individual rights, the judgment is not *res judicata* in a subsequent action brought in a representative capacity.

Defendants urge that this case is not governed by the general rule, but by an exception thereto to the effect that where the representative is the sole beneficiary of the recovery in the subsequent action the judgment in the prior action brought by him in an individual capacity is *res judicata*. The rule invoked is recognized by such cases as Gibson v. Solomon, 136 Ohio St. 101, 23 N. E. (2d) 996, 125 A. L. R. 903; St. L.-S. F. Ry. Co. v. Stuckwish, 137 Okl. 251, 279 P. 683; and Keith v. Willers Truck Service, 64 S. D. 274, 266 N. W. 256, 104 A. L. R. 1471. These actions proceed upon the theory that, as held in C. R. I. & P. Ry. Co. v. Schendel, 270 U. S. 611, 46 S. Ct. 420, 70 L. ed. 757, 53 A. L. R. 1265, identity of parties is not a mere matter of form, but of substance, and that a court will look through matters of form to those of substance in determining a particular case. The rationale of the exception is that the plaintiff is the same party in both actions, because expressly in the one in his individual capacity and in legal effect in the other in his representative capacity he was asserting or protecting his indivdual rights. 30 Am. Jur., Judgments, p. 956, § 224. Hence, defendants argue, that by looking at the substance and not the form of things it appears that both actions were brought for plaintiff's sole benefit; that she is in fact the real party in interest in the instant case as she was in the prior action; and that the judgment in the prior action should be binding upon her in the present one.

Whether the exception to the rule invoked by defendants obtains in this state is an open question. We decide nothing with respect to it (see McKay v. Syracuse R. T. Ry. Co. 208 N. Y. 359, 101 N. E. 885, holding that, where a husband sues as administrator for the wrongful death of his wife, his contributory negligence is not a defense, even though he is the sole beneficiary), because the instant case does not come within it. If the allegation of the complaint that funeral expenses have been incurred is sufficient in substance to show an outstanding claim against the estate, the present action is not for plaintiff's sole benefit, as claimed, but also for the benefit of the person having the claim for the funeral expenses. Furthermore, in such a case the claimant of the funeral expenses is a beneficiary preferred over plaintiff. Under Minn. St. 1941, § 573.02 (Mason St. 1940 Supp. § 9657), the recovery in an action for wrongful death "shall be for the exclusive benefit of the surviving spouse and next of kin * * * but funeral expenses and any demand for the support of the decedent, duly allowed by the probate court shall first be deducted and paid." Originally the action was for the exclusive benefit of the surviving spouse and next of kin. By amendment, the provision relating to payment of funeral expenses and demands for the support of the decedent was added. The settled construction of the statute as amended is that the action is not for the exclusive benefit of the surviving spouse and next of kin, but for the exclusive benefit, first, of those having demands for funeral expenses and for the support of the decedent as preferred beneficiaries, and, second, for the surviving spouse and next of kin. Prescott v. Swanson, 197 Minn. 325, 267 N. W. 251.

■ Of course the allegation that funeral expenses were incurred is general and indefinite. Probably a motion to make it more definite would lie, but not a motion for judgment. An ultimate allegation of fact will be held good as against a motion for judgment. N. W. Upholstering Co. v. First Nat. B. & T. Co. 193 Minn. 333, 258 N. W. 724. As used in the allegation in question, to incur an expense means to become liable therefor or subject thereto. Flanagan v. B. & O. R. Co. 83 Iowa 639, 50 N. W. 60; Webster's

New International Dictionary (2 ed.) 1938. See Brown v. Hughes, 89 Minn. 150, 94 N. W. 438. While the allegation does not show by whom or to whom the liability was incurred, the reasonable construction of it is that the personal representative by act of some person authorized in law to bind him became liable to pay decedent's funeral expenses out of his estate. *Cf.* Brockmeyer & Lykin, Inc. v. Droege, 215 Minn. 262, 9 N. W. (2d) 753. The allegation is sufficient, as against a motion for judgment, that there was an unpaid claim for funeral expenses.

Our conclusion is that plaintiff is not estopped by the prior judgment and that the judgment in the instant case should be reversed.

Judgment reversed.