# ORLANDO BASTIANSON AND ANOTHER v. WALTER ROY FORSCHEN AND OTHERS. NANCY JEAN GAUL AND ANOTHER, APPELLANTS.

196 N. W. 2d 451.

March 24, 1972—Nos. 42147, 42148, 42170, 42171.

*William J. Nierengarten,* for appellant Gaul.

*F. Martin Senn,* for appellant Bell.

*Baudler & Baudler* and *William J. Baudler,* for respondent Bastianson.

*Cummins, Gislason, Sheahan, Joyce & McHaffie* and *Michael J. Sheahan,* for respondent Forschen.

Heard before Knutson, C. J., and Murphy, Otis, Rogosheske, and Odden, JJ.

DONALD C. ODDEN, JUSTICE.*

This action arises out of a multi-auto collision which occurred on Highway No. 218 approximately 3 miles south of Austin, Minnesota. Bertha Bastianson died as a result of injuries suffered in the collision. Her husband brought an action for death by wrongful act against Walter Roy Forschen, Nancy Jean Gaul, and Mavis Eleanor Bell, and individually, brought an action against the same parties for medical and funeral expenses and for damages to his automobile. The jury, in a special verdict, found defendant Forschen free of negligence, but found both defendant Bell and defendant Gaul guilty of negligence which was a proximate cause of the death of Bertha Bastianson. It found that the damages sustained by the decedent's husband as a result of her death were $60,000. By stipulation of the parties plaintiff's damages as an individual were set at $2,158.15, of which $200 was for damage to his auto, $30 for ambulance expense, and the remaining $1,928.15 for funeral expenses. Adopting answers to the special verdict, the trial court ordered judgment in favor of the trustee in the amount of $35,000 and an additional sum of $2,158.15 to the surviving spouse, individually, against defendants Gaul and Bell. Those defendants have appealed.

The accident occurred on February 16, 1968, during a severe dust storm. Although the road was dry and straight, the visibility in the immediate area of the accident, because of blowing dust, was very poor. Visibility was less restricted to the north of the scene of the accident, but the blowing dust could be seen by southbound drivers for some distance prior to the time they reached the actual area of limited visibility.

Forschen, driving south, turned on his lights and reduced his

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

speed to about 20 to 25 miles per hour because of impaired visibility. He was struck in the rear by the Gaul auto, which had been proceeding south behind him. The crash forced the Forschen automobile forward about 150 feet until it came to rest with one wheel in the ditch on the westerly shoulder of the highway. The Gaul auto, severely damaged and unable to operate under its own power, came to rest in the southbound lane of traffic. Miss Gaul ran to the Forschen automobile to see if anyone was injured. About 1 to 5 minutes later, while Forschen and Miss Gaul were talking, they heard a crash behind them. Unable to see what had happened, they walked northerly to the scene of the second crash. Just north of the Gaul automobile they found the Bastianson auto which had been struck on the left side near the driver's seat by the Bell automobile. The Bastianson automobile appeared as though it had turned to the left to avoid striking the Gaul auto when it was struck by the auto driven by Mrs. Bell. Neither Miss Gaul nor Mrs. Bell saw any of the other automobiles involved in the accident until immediately before impact.

The two actions herein were commenced against Forschen, Miss Gaul, and Mrs. Bell, each of whom cross-claimed against the others. Approximately 7 months prior to trial, defendant Gaul served upon all parties a motion and notice of motion stating that at the opening of trial she would move the court to amend her cross-complaint against Forschen to include a claim for property damage to her automobile. At trial, this motion was denied by the court.

At the close of all testimony, the trial court granted plaintiff's motion for a directed verdict on the question of whether Mrs. Bastianson was guilty of negligence proximately contributing to the accident which caused her death. The court further permitted plaintiff to amend his complaint to increase his prayer for relief from $35,000 to $100,000.

On appeal, defendant Gaul contends:

(a)  The trial court abused its discretion in denying her motion to amend her cross-claim against Forschen to include

property damage while at the same time granting plaintiff's motion to increase the death claim from $35,000 to $100,000.

(b) The trial court erred in directing a verdict determining that the decedent was free from negligence proximately contributing to the accident which resulted in her death.

(c) The trial court erred in submitting to the jury a special verdict which with respect to each defendant combined into one question the issues of negligence and proximate cause as the same related to the operation of his automobile.

(d) The trial court erred in refusing to give requested instructions on unavoidable accident, concurrent cause, and intervening superseding cause.

Both defendants Gaul and Bell contend the trial court erred in permitting funeral expenses and demands for the support of decedent (i. e., ambulance cost in this case) to be recovered in an individual action by the surviving spouse in addition to the maximum recovery permitted to the trustee under Minn. St. 1969, § 573.02, subd. 1.

1. Defendant Gaul's contention that the court abused its discretion in denying her motion to amend her cross-claim to include a property damage claim against Forschen is absolutely without merit. Rule 15.01, Rules of Civil Procedure, provides in part:

"[With certain exceptions not applicable in the case at bar] a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

Since defendant Gaul had not obtained written consent from the adverse party, it would be incumbent on her to show that justice required such an amendment. It is quite obvious from the physical evidence of this accident that to permit Miss Gaul to amend her cross-claim to include a property damage claim against Forschen would have added one more issue to confuse and divert the jury from the main thrust of the trial, namely, Bastianson's

wrongful death action. Defendant Gaul not only failed to make a showing to the trial court that justice required an amendment, but made no showing to this court that justice required it.

We have consistently held that whether to permit or deny amendments to pleadings is within the discretion of the trial court, and we will not reverse its action unless there has been a clear abuse of discretion.[1] Since there has been no such showing, we find the trial court did not abuse its discretion in denying defendant Gaul's motion to amend her cross-claim.

The same principles of reversal for abuse of the trial court's discretion apply to defendant Gaul's contention relating to the permission granted Bastianson to amend his ad damnum clause. Defendant Gaul seems to believe that since the trial court denied her motion to amend her cross-claim, the court, in turn, should have denied Bastianson's request to amend his ad damnum clause. In other words, there seems to be some contention that the trial court should take turns in granting motions regardless of their merits or equities.

In Range v. Van Buskirk Const. Co. 281 Minn. 312, 316, 161 N. W. 2d 645, 648 (1968), we discussed the substitution by the legislature of the word "recovery" for the word "damages" in Minn. St. 1949, § 573.02. L. 1951, c. 697, § 1. We held there:

"* * * A clear distinction exists between 'damages' and 'recovery,' and the legislature is presumed to have used these distinctive words deliberately. We conclude, in view of this distinction, that there is no sound reason for now prohibiting the pleading and proof of whatever damages the surviving spouse or next of kin may have sustained by reason of the wrongful death."

We can draw no other conclusion than that the trial court's pur-

---

[1] Dale v. Pushor, 246 Minn. 254, 75 N. W. 2d 595 (1956); Brannan v. Shertzer, 242 Minn. 277, 64 N. W. 2d 755 (1954); Anderson v. Minneapolis, St. P. & S. S. M. Ry. Co. 146 Minn. 430, 179 N. W. 45 (1920). See, also, Chicago, St. P. M. & O. Ry. Co. v. Nelson, 226 F. 708 (8 Cir. 1915).

pose in granting plaintiff's requested amendment was to permit plaintiff's counsel to discuss and argue the damages actually sustained without being limited in his discussion by the amount recoverable under the statute, which should be of no concern to the jury.

We therefore hold that the trial court did not abuse its discretion in permitting plaintiff to increase his prayer for relief from the statutory maximum of $35,000 to $100,000.

2. Defendant Gaul argues that the question of decedent's negligence was a question of fact for the jury and that it was error to direct a verdict thereon in favor of the plaintiff. The only evidence relied upon in support of this claim is that 1 to 5 minutes elapsed between the first and second crash. Upon this testimony, defendant Gaul concludes that decedent had 1 to 5 minutes to move her automobile to a safe position off the paved portion of the highway. Since no one saw decedent except defendant Bell, and then only immediately before impact, no one can say how long decedent had remained stationary behind the Gaul car before being struck by Mrs. Bell.

Since defendant Gaul claimed contributory negligence on the part of decedent, it was incumbent upon her to establish this claim by the necessary degree of proof. We have carefully reviewed the transcript of the trial and find absolutely no evidence, direct or circumstantial, from which a reasonable conclusion can be drawn that decedent was in any way negligent immediately prior to or at the time of the accident in question. We therefore conclude that the trial court properly refused to submit to the jury the question of decedent's negligence.

3. The case was submitted to the jury on a special verdict wherein with respect to each defendant a question was posed which combined the issues of negligence and proximate cause. It is the position of defendant Gaul that the question is double and that the issues of negligence and proximate cause should have been submitted as separate questions. She contends that this is especially true in this case since in reality there were two

separate accidents. She reasons that, although the jury may have found her negligent with respect to the accident between defendants Forschen and Gaul, there is a question as to whether that negligence was a proximate cause of the death of Mrs. Bastianson. She cites Mikes v. Baumgartner, 277 Minn. 423, 152 N. W. 2d 732 (1967), in support of this contention.

We did not hold in the Mikes case that it was reversible error to submit the issues of negligence and proximate cause in a single question. We did suggest, however, that such a submission might be reversible error if the negligence of a party might not be a proximate cause or where the negligence of one driver was or could have been an intervening cause.

In Larson v. Montpetit, 275 Minn. 394, 147 N. W. 2d 580 (1966), the jury returned a special verdict in which it found defendant negligent but found that his negligence was not a direct cause of the collision. In reversing, we held the verdict to be perverse. In discussing defendant's contention that the jury verdict was explainable under the doctrine of superseding intervening cause, we stated:

"In our judgment the fact that vehicles would meet on White Bear Avenue at approximately the place where defendant had parked his car and that the vision of one of the drivers would be hampered by the bright lights of the other so as to prevent observation of the improperly parked car of the defendant was foreseeable as a matter of law." 275 Minn. 397, 147 N. W. 2d 583.

In the instant case it was more foreseeable that another southbound driver would be hampered by disabled vehicles obstructing the dust-clouded highway. It was conclusively established that defendant Bell did not see either the Gaul or the Bastianson automobiles until the moment of impact. There was, thus, no evidence to support a finding that Mrs. Bell had an opportunity to avoid the collision after discovering the peril.

In the Mikes case, we stated:

"What is an intervening or superseding cause that will insu-

late the negligence of an original wrongdoer is, like many other areas in the law of negligence, something that is not easy to define. There is no absolute yardstick by which it can be measured. Each case must more or less stand on its own facts. Search for a similar case in which it has been held that the action of the second wrongdoer was or was not an intervening cause leads into a labyrinth of decisions from which can be plucked one that will fit just about any fact situation." 277 Minn. 429, 152 N. W. 2d 737.

In the instant matter the test to determine whether defendant Gaul's negligence was insulated by an intervening cause is whether it was foreseeable that subsequent accidents might occur under the facts and circumstances existing at or near the time of the first collision. We find it foreseeable as a matter of law that the occurrence of a collision in a dust storm upon a heavily traveled state highway might cause subsequent collisions to occur.

From these findings, it logically can be concluded that, since the jury determined defendant Gaul to be negligent, her negligence was a proximate cause of Mrs. Bastianson's death as a matter of law. We therefore do not think there was any harm in submitting the case to the jury on the questions as framed. We again assert, however, that, to avoid any question as to the form of the special verdict, in the future it would be better practice for trial courts to refrain from this dual submission.

4. Defendant Gaul further questions the trial court's refusal to give three requested instructions—the first, on unavoidable accident; the second, on concurrent cause; and the third, on intervening superseding cause.

Her proposed instruction on the subject of unavoidable accident reads as follows:

"You are instructed that the mere fact that an accident has happened does not of itself mean that any one has been negligent. In other words, it may be an unavoidable accident. If you should so find, from all the facts and circumstances here, then your

verdict will be for all of the Defendants with regard to whom you find the accident was simply unavoidable."

This instruction seems to be patterned on Minnesota Jury Instruction Guides, Instruction 71, but with substantial additions. In a few jurisdictions instructions on unavoidable accident are disapproved in all cases.[2] Our cases have indicated that the concept has a very restricted application,[3] and that it should be limited to cases where there is some evidence of causation by an act of God or actions chargeable to an unknown acency.[4] We have also held that the failure to give such an instruction, even where it might have been appropriate under the facts, is not reversible error where the jury is fully instructed on negligence, proximate cause, and burden of proof.[5]

Here, upon review of the instructions as a whole, we conclude that the trial court fully covered negligence, proximate cause, and burden of proof and that it properly submitted all necessary traffic regulations. Under the circumstances, it was not reversible error to refuse to give specific instructions with respect to unavoidable accident.

5. Defendant Gaul's requested instruction on concurrent cause reads as follows:

"There may be more than one direct cause of an accident. When the effects of negligence or other wrongful conduct of each of two or more persons actively work at substantially the same time to cause the accident without either cause being a superseding cause, each may be the direct cause of the accident."

Although it would not have been improper for the trial court to have given this proposed instruction, the parties were not

---

[2] See cases collected in Annotation, 65 A. L. R. 2d 12, and particularly Butigan v. Yellow Cab Co. 49 Cal. 2d 652, 320 P. 2d 500, 65 A. L. R. 2d 1 (1958).

[3] See, Lestico v. Kuehner, 204 Minn. 125, 283 N. W. 122 (1938).

[4] See, Rahja v. Current, 264 Minn. 465, 119 N. W. 2d 699 (1963).

[5] See, Botz v. Krips, 267 Minn. 362, 126 N. W. 2d 446 (1964).

prejudiced by the trial court's refusal to give it because of the manner in which the special verdict was returned. The jury's findings that defendant Gaul and defendant Bell were each negligent and that the negligence of each was a proximate cause of the accident demonstrates that the jury understood it could find the accident to be the result of concurring causes.

6. Defendant Gaul also objects to the trial court's refusal to give her requested instruction on superseding cause, which reads as follows:

"However, a cause is not a direct cause when there is a superseding cause. For a cause to be a superseding cause, all of the following elements must be present:

"1. Its harmful effects must have occurred after the original negligence.

"2. It must not have been brought about by the original negligence.

"3. It must actively work to bring about a result which would not otherwise have followed from the original negligence.

"4. It must not have been reasonably foreseeable by the original wrongdoer."

This is the instruction on superseding cause found in Minnesota Jury Instruction Guides, Instruction 142. As we said in Strobel v. Chicago, R. I. & P. R. Co. 255 Minn. 201, 208, 96 N. W. 2d 195, 201 (1959):

"* * * Only when there might be a reasonable difference of opinion regarding the foreseeability of the intervening act should the question of intervening cause be submitted to the jury."

See, also, Larson v. Montpetit, *supra.*

Since we have determined foreseeability as a matter of law, there was no error in refusing to give this proposed instruction.

7. Both defendants Gaul and Bell object to the trial court's ruling that plaintiff was allowed, as trustee for a deceased wife, to recover $35,000, the statutory limit, in a wrongful death action, and then also to recover medical and funeral expenses

in an individual action. Minn. St. 1969, § 573.02, subd. 1, allows a recovery for death caused by a wrongful act or omission. This action is strictly statutory and was not recognized at common law. Albrecht v. Potthoff, 192 Minn. 557, 560, 257 N. W. 377, 378 (1934). The pertinent part of § 573.02, subd. 1, reads as follows:

"When death is caused by the wrongful act or omission of any person or corporation, the trustee appointed as provided in subdivision 3 may maintain an action therefor if the decedent might have maintained an action, had he lived, for an injury caused by such wrongful act or omission. The action may be commenced within three years after the act or omission. The recovery in such action is such an amount as the jury deems fair and just in reference to the pecuniary loss resulting from such death, shall not exceed $35,000, and shall be for the exclusive benefit of the surviving spouse and next of kin, proportionate to the pecuniary loss severally suffered by the death. The court then determines the proportionate pecuniary loss of the persons entitled to the recovery and orders distribution accordingly. Funeral expenses and any demand for the support of the decedent, other than old age assistance, allowed by the court having jurisdiction of the action, are first deducted and paid." [6]

It is settled that an actionable wrong causing injury to the wife gives rise to two causes of action; and that in the case of the wrongful death of a wife, the husband has an individual right of action for funeral expenses and demands for support. Mattfeld v. Nester, 226 Minn. 106, 131, 32 N. W. 2d 291, 308 (1948). It was there held that a husband, who is personally liable for the expenses of his wife's burial, may recover the same in an individual action for consequential damages against the wrongdoer causing her death.

Mattfeld is distinguishable from the instant case on the facts.

---

[6] Minn. St. 1969, § 573.02, subd. 1, was amended by L. 1971, c. 43, § 1, to eliminate the limit on the amount of recovery.

The applicable death-by-wrongful-act statute then provided a maximum recovery of $10,000. The verdict in that wrongful death action was $9,000, and the recovery for burial expense was $240. The sum of the damages in both actions was less than the statutory maximum. Hence, this court did not have to consider the question raised in the instant case.

This court held in Sykora v. Case Threshing-Machine Co. 59 Minn. 130, 133, 60 N. W. 1008, 1009 (1894):

"* * * [B]y the same reasoning by which the measure of recovery under the original statute was held to be the pecuniary loss of the widow and next of kin, it must now be held that the measure of recovery is the pecuniary loss to the next of kin, plus demands for the support of the deceased, and funeral expenses; not exceeding, of course, in all, the statutory limit. It would be unreasonable to suppose that it was intended to limit the recovery to the pecuniary loss to the widow and next of kin, and deduct from that the demands referred to, and then give them only what was left."

We hold the same reasoning to apply to the case now before us, that is, that the statutory limit on the recovery for wrongful death includes the cost of last medical expenses and funeral expenses. Those amounts are not to be allowed in addition to the $35,000 statutory limit set by § 573.02, subd. 1. The total recovery in this action, other than property damages to the automobile, must be limited to $35,000. We therefore affirm the denial of a new trial but remand for reduction of the judgment to reflect the above.

Affirmed in part and remanded for adjustment of the damages.

MR. JUSTICE TODD, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.