DENNIS PEHRSON, TRUSTEE FOR THE NEXT OF KIN OF TRACY PEHRSON, v. DUANE KISTNER.

222 N. W. 2d 334.

September 27, 1974—No. 44597.

*Gault, MacKenzie, Gustafson & Litynski* and *W. M. Gustafson,* for appellant.

*Peterson, Bell & Converse, Willard L. Converse,* and *Robert C. Bell,* for respondent.

Heard before Sheran, C. J., and Kelly, Todd, Yetka, and Scott, JJ., and considered and decided by the court en banc.

YETKA, JUSTICE.

Plaintiff appeals from an order of the District Court of Nicollet County, denying his motion for amended findings of fact, conclusions of law, and order for judgment, or, in the alternative, for a new trial on the issue of damages.

We reverse and remand for a new trial on the issue of damages alone.

The facts relative to the above issues are as follows:

Decedent, Tracy Pehrson, was stillborn some 10 days after an automobile collision between defendant and decedent's mother. At trial the jury found that decedent's death was proximately caused by the sole negligence of defendant. The defendant does not contest this finding.

The decedent was a planned child and there is medical testimony on the record, which apparently is undisputed, that Tracy was a viable, fully developed child who was capable of sustaining life outside her mother's womb at the time of her death. Thus, that the decedent was a viable human being is the law of this case.

Plaintiff, Dennis Pehrson, brought an action against defendant under Minn. St. 573.02 for the damages recoverable under said provision for the wrongful death of the decedent.

At trial it was stipulated that the funeral and other expenses of burial amounted to $586. There was testimony that the decedent would have been expected to assist her family in the operation of their dairy farm. Further testimony was introduced indicating that the cost of a competent dairyman was in excess of $400 per month, and the cost of a female household worker was in excess of $200 to $300 per month. Mr. Pehrson testified

that, in absence of family assistance, he would be forced to hire outside help in order to operate the farm. (It should be noted that the Pehrsons have two living children: a boy, age 4; and a girl, age 6.)

Defendant did not refute either the necessity or cost of outside help as alleged by plaintiff above.

The record does not contain a transcript of the final charge to the jury. However, the trial court stated in its post-trial memorandum that the jury was instructed to consider the elements set forth in Minnesota Jury Instruction Guides, Instruction 180, in arriving at the "pecuniary loss" resulting from Tracy's death. (Counsel, guidance, aid, advice, comfort, assistance, and protection which the child would have given had she lived.) The record does not show, nor does plaintiff allege, that the instructions were erroneous.

The jury found $540 to be the total pecuniary loss of the Pehrson family by reason of the death of Tracy. *This was $46 less than the stipulated funeral and other burial costs.* Judgment against defendant was entered in that amount.

Plaintiff then moved for amended findings of fact, conclusions of law, and order of judgment, or, alternatively, for a new trial on the issue of damages only on grounds that:

(1)   The damages awarded were inadequate as the result of prejudice;

(2)   the jury verdict was not justified by the evidence;

(3)   the jury verdict was contrary to law.

After hearing on the motion the court entered an order denying plaintiff's motion.

In its memorandum accompanying the order the district court stated:

"* * * From all the evidence and from the common knowledge of adult jurors, this jury could have decided that the hazards connected with the remaining three months of pregnancy and birth and the hazards of the early years of a child's life were

such that the life expectancy of this child was very short or at best very uncertain. The jury could also have decided that a girl would not contribute labor and services to the same extent furnished by a boy; that young people are so involved in their school and school activities that this child would have contributed little, if anything, to the parents in the way of labor and services * * *.

\* \* \* \* \*

"* * * The Court's emotional reaction is that the jury did not bring in a correct and proper verdict as it was grossly inadequate. There is something about the fact that the Defendant's negligent act extinguished a life before it had an opportunity for any type of meaningful existence. If the Court had been the trier of fact it may have been inclined to bring in a larger verdict. However, the amount of the award cannot be determined by an emotional reaction to the fact situation. An analysis of the evidence submitted and the applications of the elements of damage in this case leave the Court, reluctantly, with no choice but to deny the motion of the Plaintiff."

It is the clearly stated rule in this jurisdiction that a cause of action under Minn. St. 573.02 will lie for the death by wrongful act of an unborn viable child. Verkennes v. Corniea, 229 Minn. 365, 38 N. W. 2d 838 (1949). There is, in this case, uncontradicted evidence that the decedent was capable of living outside her mother's womb.

The jury, after hearing the evidence outlined above and after proper instruction, returned a verdict of an amount less than the stipulated funeral and other burial expenses which are recoverable under the statute. Schmitt v. Emery, 215 Minn. 288, 9 N. W. 2d 777 (1943); see, also, Bastianson v. Forschen, 293 Minn. 31, 196 N. W. 2d 451 (1972).

Plaintiff has cited several cases which have held damages inadequate where the amount awarded was less than the proven special damages. Walser v. Vinge, 275 Minn. 230, 146 N. W. 2d 537 (1966); Seydel v. Reuber, 254 Minn. 168, 94 N. W. 2d 265 (1959); Hurr v. Johnston, 242 Minn. 329, 65 N. W. 2d 193

(1954). These three cases all deal with common-law tort actions as opposed to the statutory action under Minn. St. 573.02. However, defendant is incorrect in his attempt to persuade this court that these cases do not apply in the case at bar. It is to be noted that Rule 59.01(5), Rules of Civil Procedure, applies to both common-law and statutory causes of action for damages. The inquiry under the rule is prejudice of the jury. It is true that in Hurr v. Johnston, *supra*, the court relied to a certain extent upon statements by jury members that quite conclusively showed a compromise between the issues of damages and liability under a general verdict. However, the court did not ignore the fact that the award was less than the proven special damages. So also in Walser and Seydel the holdings of prejudice were at least partially based on the fact that the proven damages were in excess of the verdict. Thus, we find under Rule 59.01(5) that the fact that the verdict was less than the ascertainable special damages indicates prejudice irrespective of whether the action was at common law or brought under our death by wrongful act statute.

Although this decision is limited to holding that an award of damages in an amount less than the proven special damages in a wrongful death action indicates passion and prejudice on the part of the jury and thus must be reversed, it is difficult to visualize a case where a human being does not have some monetary value in addition to special damages incurred by next of kin. Yet all verdicts attempting to compensate for the death of a minor child may be arbitrary attempts at a difficult, if not impossible, task. This court has on numerous occasions extended deference to amounts awarded by trial courts in this type of case.

At least one jurisdiction in the absence of legislation has judicially imposed an inference of loss. Rice v. Rizk, 453 S. W. 2d 732 (Ky. App. 1970). Perhaps the more realistic approach is by legislation. The State of Massachusetts has set a minimum amount recoverable in wrongful death cases. See, Mass. Ann. L., c. 229, § 2.

Reversed and remanded for a new trial on the issue of damages alone.

304

OTIS, JUSTICE (concurring specially).

I concur in the result but do not subscribe to dictum concerning general damages since that issue is not before us.

ROGOSHESKE, JUSTICE (concurring specially).

I concur that a limited new trial is required because the award is contrary to the evidence and therefore arbitrary and the result of passion and prejudice.

PETERSON, JUSTICE (concurring specially).

I concur in the result.